

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0307-09

**RONALD WILSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**Meyers, J.,** *filed a dissenting opinion.*

### DISSENTING OPINION

The majority states the issue as: "whether article 38.23 of the Code of Criminal Procedure bars the admissibility of a confession if the interrogating officer fabricates documentary evidence in violation of Texas Penal Code section 37.09 and uses it to persuade a suspect to confess." Article 38.23 prohibits the admission of evidence obtained by an officer in violation of Texas law. CODE CRIM. PROC. ANN. art. 38.23. The law the majority and the court of appeals have deemed violated reads, "A person commits

an offense if, knowing that an investigation or official proceeding is pending or in progress, he . . . makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding." PENAL CODE ANN. § 37.09.

The problem with the majority's conclusion is that in order for article 38.23 to bar the admission of Appellant's confession, Detective Roberts would have to be guilty of violating section 37.09; and, I do not believe he could be found guilty of violating that statute.

Although Detective Roberts was not convinced of Appellant's involvement in the shooting and knew that there were no legible prints lifted off the magazine found at the scene, the detective presented a "Forensic Latent Print Report" to Appellant upon entering the interrogation room. The detective testified that, in preparation for the interview, he created the document, which he knew to be false. The document stated:

> Examination of Item 1 revealed the Two Latent Prints lifted from the Firearm Magazine belong to those of Ronald Wilson, a Black Male with the date of birth 11-13-84 . . . .

But the detective's educated guess as to the source of the prints turned out lucky: Appellant admitted shooting the victim. The detective's report was not wrong because even though it stated that there were identifiable latent prints lifted when in fact there were no legible prints, Appellant did shoot the victim. And that fact makes it highly likely that the unidentifiable prints on the magazine were indeed his.

Because Detective Roberts could not be convicted of Tampering with or

Fabricating Physical Evidence, I respectfully dissent.  The trial court did not abuse its

discretion in denying the motion to suppress, and therefore, I would reverse the court of

appeals and affirm the trial court's judgment.

Meyers, J.


Filed: March 3, 2010

Publish